# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY CRUMP,<br><br>        Petitioner,<br><br>    v.<br><br>DIRECTOR OF CORRECTIONS,<br><br>        Respondent.                 / | CV F 06-1467 DLB HC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS OF MAY 16, 2007, ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DIRECTING CLERK OF COURT TO DISMISS ACTION WITHOUT PREJUDICE<br><br>[Docs. 18, 25] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

    On May 16, 2007, the undersigned inadvertently issued Findings and Recommendations regarding Respondent's motion to dismiss, when in fact both parties have consented and therefore the motion should be resolved by final order. Thus, the Findings and Recommendations will be vacated and superseded by the instant order.

BACKGROUND

    On or about January 27, 2004, the Merced County District Attorney filed a criminal complaint charging Petitioner with the following (1) unauthorized use of personal identifying information of another for his own use in violation of California Penal Code, § 530.5;[1] (2) obtaining money under false pretenses in violation of § 532; and (3) commercial burglary in

---

[1] All further statutory references are to the California Penal Code unless otherwise indicated.

1

1  violation of § 459.  It was further alleged that Petitioner had four prior "strike" convictions (§§
2  667.5, 1170.12), and had served one prior prison term (§ 667.5(b)).  (CT 1-4.)[2]
3        On January 29, 2004, Petitioner was arraigned.  (CT 36.)  On February 9, 2004, the Court
4  granted Petitioner's Faretta[3] motion to represent himself.  (CT 37; 2/9/04 RT 3-6.)
5        On February 26, 2004, Petitioner wrote to the court, requesting additional time to
6  communicate with the Social Security Administration in order to obtain documents that would
7  allegedly demonstrate that it was an innocent case of clerical error, and not an intentional attempt
8  to obtain the social security number of another individual.  (CT 40-41.)
9        On March 17, 2004, Petitioner wrote another letter to the court claiming that he provided
10 truthful information as to his own identity.  (CT 61-64.)
11       On April 21, 2004, the trial court suspended the criminal proceedings and ordered Dr. J.
12 Stanley Bunce, Ph.D., to evaluate Petitioner's competency to stand trial (§§ 1368, 1369.)  (CT
13 66-67.)  On May 10, 2001, Dr. Bruce filed a report with the court.  (SCT 1-5.)  On May 13, 2004,
14 Petitioner was found competent to stand trial.  (CT 68.)  The court further ordered an evaluation
15 by the Central Valley Conditional Release Program (§ 1026(b)).  (CT 68.)  On June 2, 2004, the
16 Central Valley Conditional Release Program filed its report with the court, recommending that
17 Petitioner be committed to the trial competency program at Atascadero State Hospital pursuant to
18 section 1370.  (SCT 6-7.)  The court ordered that Petitioner be committed to the trial competency
19 program at Atascadero State Hospital for a maximum period not to exceed three years.[4]  (CT 76-
20 79; 6/4/04 RT 3-4.)
21       On June 14, 2004, Petitioner filed a notice of appeal.  (Lodged Doc. No. 1.)
22       In August 2005, Petitioner filed briefing with the California Court of Appeal, Fifth

---

[2] "CT" and "SCT, refer respectively to the Clerk's and Supplemental Transcripts on Appeal; "RT" refers to the Reporter's Transcripts on Appeal.

[3] Faretta v. California, 422 U.S. 806 (1975).

[4] The criminal proceeding was suspended until Petitioner was found competent to stand trial.  (6/4/04 RT 3.)

2

Appellate District. (Lodged Doc. No. 2.) In October 2005, appointed counsel filed a Wende[5] brief. Respondent filed his brief on February 17, 2006. (Lodged Doc. No. 4.)

While the appeal of the commitment order was pending before the state appellate court, the criminal proceedings against Petitioner were reinstated on September 21, 2004, and matters resumed in the Merced County Superior Court. (Lodged Doc. No. 5.) On January 28, 2005, Petitioner pled guilty to one count of second degree burglary (§ 459). (Lodged Doc. No. 6.)

On March 1, 2005, Petitioner was sentenced to the upper term of six years; a one-year term was also imposed for the prior prison term. (Lodged Doc. No. 7.)[6]

Petitioner did not file a notice of appeal following the imposition of judgment.[7]

On July 10, 2006, the Fifth District Court of Appeal affirmed the trial court's order of commitment. (Lodged Doc. No. 8.)

On August 21, 2006, Petitioner filed a petition for review with the California Supreme Court. The petition was denied without comment on September 27, 2006. (Lodged Doc. No. 9.)

On October 10, 2006, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Sacramento Division. By order of October 19, 2006, the action was transferred to this Court. (Court Doc. 5.)

Respondent filed the instant motion to dismiss on February 29, 2007. Petitioner has not filed an opposition.

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to

---

[5] People v. Wende, 23 Cal.3d 436 (1979).

[6] Petitioner filed three state habeas petitions in the Fifth District Court of Appeal (F045696/F046109/F046571) and one habeas petition in the California Supreme Court (S130898), yet all were filed and decided prior to judgment being imposed.

[7] The only notice of appeal on file is dated June 14, 2004, pertaining solely to the commitment issue.

Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.      Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is

insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition, Petitioner raises the single claim that he was denied the right to

1  present crucial documentary evidence which would have exonerated his case. More specifically,
2  Petitioner contends that if defense counsel had obtained a copy of a Social Security Card SS-5
3  Application Form or subpoenaed a Social Security Administration employee to testify at trial, he
4  would have been exonerated. (Petition, at 5, 7-9.)

5       As previously noted, Petitioner pled guilty to one count of second degree burglary.
6  (Lodged Doc. No. 6.) Petitioner did not file an appeal following the proceedings of March 1,
7  2005. (Lodged Doc. No. 5.) Petitioner's only appeal pertained solely to the order of
8  commitment. (See Lodged Doc. No. 8 at pp. 4-5.) However, the single claim presented in the
9  instant petition does not challenge the order of commitment.

10       Petitioner did file "supplemental" briefing in the appeal following the commitment order,
11  raising the following four claims: (1) ineffective assistance of counsel; (2) prosecutorial
12  misconduct for failure to "disclose and present material evidence" of his guilt; (3) denial of right
13  to preliminary hearing and speedy trial; and (4) abuse of discretion by the trial court in ordering
14  Petitioner committed to Atascadero. (Lodged Doc. No. 2, at pp. 4-13.) However, the Fifth
15  District Court of Appeal did not consider these claims stating:

> [Petitioner] argues that his attorney's failure to secure as evidence for his criminal proceedings his application for a duplicate Social Security card denied him due process and constituted ineffective assistance of counsel. The Attorney General argues that the court's suspension of criminal proceedings makes adjudication of that issue premature. We agree with the Attorney General. *The only issues cognizable on [Petitioner's] appeal from the court's order of June 4, 2004, are ones relevant to the court's finding him mentally incompetent to stand trial and committing him to Atascadero State Hospital.* [Citations.] His argument is outside the scope of those holdings.

21  (Lodged Doc. No. 8, at p. 4, emphasis added; fn. omitted.) Thus, it is evident the state appellate
22  court did not review or consider Petitioner's claims. The California Supreme Court issued a
23  summary denial and therefore this Court "looks through" that decision and presumes it adopted
24  the reasoning of the California Court of Appeal, the last state court to have issued a reasoned
25  opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706
26  (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with
27  lower court's reasoning where former affirms latter without discussion); see also LaJoie v.
28  Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned

6

state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)). Because the appellate court opinion clearly addressed only those issues related to Petitioner's commitment to Atascadero State Hospital, the California Supreme Court, like the appellate court, did not consider Petitioner's other claims raised in his supplemental briefing. Accordingly, Petitioner has not exhausted the instant claim as it was not presented to the state courts for review, and the petition must be dismissed, without prejudice.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The Findings and Recommendation of May 16, 2007, is VACATED;
2. Respondent's motion to dismiss is GRANTED; and
3. The instant petition is DISMISSED, without prejudice.

IT IS SO ORDERED.

Dated: **May 17, 2007**                         /s/ **Dennis L. Beck**
                                                                 UNITED STATES MAGISTRATE JUDGE